UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| STACY WADDELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV424-128 |
| ) | |
| EAGLES LANDING ) | |
| RESTAURANTS, LLC d/b/a IHOP ) | |
| and ELI RESTAURANTS, LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Defendants' deadline to answer or otherwise respond to the Complaint was August 1, 2024. *See* docs. 6 & 7. They did not meet that deadline. *See generally* docket. While Plaintiff has not moved for an entry of default and the Clerk has not entered default, "[a] defendant who fails to answer within the time specified by the rules is in default even if that fact is not officially noticed." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 (11th Cir. 2014) (internal quotations and citation omitted). Therefore, when a party seeks to file an out-of-time answer, they must

1

seek to set aside that default. *Id.* Defendants, with Plaintiff's consent, move to set aside default.[1] Doc. 10 at 1.

A defaulted party is entitled to have its motion to file an out-of-time answer "considered under the 'good cause' standard applicable to setting aside a default rather than under the 'more rigorous,' 'excusable neglect' standard" of Rule 6(b)(1)(B). *Perez*, 774 F.3d at 1338; *see also* Fed. R. Civ. P. 55(c) (articulating the good cause standard for setting aside default). As this Court has previously explained:

> While there is no precise formula for assessing "good cause", courts commonly consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir.1996) (citations omitted). These factors are not talismanic, and other factors also may be relevant in making a good cause determination. *Id.* For example, an additional factor that may be relevant is whether the defaulting party acted promptly to correct the default. *Id.* (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)). "Whatever factors are employed, the imperative is that they be regarded

---

[1] Defendants' Motion is styled as a request to set aside "default judgment." *See* doc. 10. However, as Defendants appear to acknowledge in their Motion, *see id.* at 2, they do not have a default judgment entered against them, *see generally* docket. The Federal Rules of Civil Procedure distinguish between default and a default judgment. *Compare* Fed. R. Civ. P. 55(a) *with* Fed. R. Civ. P. 55(b). A "default" occurs when a defendant fails to plead or otherwise defend a case. *See* Fed. R. Civ. P. 55(a). It is not a judgment against the defendant. *See id.* Because the Motion invokes the appropriate standard, *see* doc. 10 at 2-5, the Court construes it as a motion to set aside the Defendants' default pursuant to Fed. R. Civ. P. 55(c).

>  simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.*

*Wortham v. Brown*, 2015 WL 2152826, at *1 (S.D. Ga. May 7, 2015). The Court has discretion in applying the factors. *See, e.g., Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984) ("Action on a motion to set aside a default is within the discretion of the district court . . . ."). In determining whether a litigant has demonstrated sufficient good cause under Rule 55(c), the Court is mindful of the Eleventh Circuit's "strong preference that cases be heard on the merits." *Perez*, 774 F.3d at 1342 (internal citation and quotation omitted).

Defendants explain that their "primary counsel secured Plaintiff's counsel's consent to an extension of the deadline for a responsive pleading and that communication occurred one week before the date such pleading was due." Doc. 10 at 4. Defendants filed their motion for an extension of time to file a responsive pleading just one day after the deadline passed, *see* doc. 8, and filed a motion to set aside default one day after the Court's Order identifying the default, *see* docs. 9 & 10. It does not appear that Defendants' default was culpable or willful. *See Wortham*, 2015 WL 2152826, at *1. Additionally, Plaintiff has not indicated that she would be prejudiced by having default set aside, as evidenced by her consent to

3

this motion. Doc. 10 at 1; *see also Wortham*, 2015 WL 2152826, at *1. Having reviewed the motion and for good cause shown, the Court **GRANTS** Defendants' motion. Doc. 10. Default is set aside. Defendants are **DIRECTED** to answer or otherwise respond to the Complaint by August 15, 2024.[2]

**SO ORDERED**, this 13th day of August, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Defendants did not request a specific deadline by which to file their answer in their motion to set aside default. *See* doc. 10 at 5 (requesting only "leave to file their Answer"). Defendants originally requested that their deadline be extended to August 15, 2024, in their Motion for Extension of Time to Answer, Move, or Otherwise Plead. *See* doc. 8. If Defendants require additional time, they may move for an extension.